**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**INJAH TAFARI,**

                **Plaintiff,**　　　　　　　**9:11-cv-694**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**(GLS/ATB)**
      **v.**

**HEATH BAKER et al.,**

                **Defendants.**
_____

**INJAH TAFARI,**

                **Plaintiff,**　　　　　　　**9:11-cv-1342**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**(GLS/ATB)**
      **v.**

**DAVID ROCK et al.,**

                **Defendants.**
_____

**INJAH TAFARI,**

                **Plaintiff,**　　　　　　　**9:11-cv-1390**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**(GLS/ATB)**
      **v.**

**DONALD UHLER et al.,**

                **Defendants.**
_____

**INJAH TAFARI,**

                **Plaintiff,**　　　　　　　**9:11-cv-1422**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**(GLS/ATB)**
      **v.**

**DONALD UHLER et al.,**

                **Defendants.**

_____

**INJAH TAFARI,**

                **Plaintiff,**              **9:11-cv-1429 (GLS/ATB)**

        **v.**

**THEODORE ZERNIAK et al.,**

                **Defendants.**

_____

**INJAH TAFARI,**

                **Plaintiff,**              **9:11-cv-1446 (GLS/ATB)**

        **v.**

**GARY GETTMAN et al.,**

                **Defendants.**

_____

**INJAH TAFARI,**

                **Plaintiff,**              **9:11-cv-1447 (GLS/ATB)**

        **v.**

**JOSEPH BELLNIER et al.,**

                **Defendants.**

_____

**INJAH TAFARI,**

**Plaintiff,**                    **9:11-cv-1464**
                                                      **(GLS/ATB)**
        **v.**

**MAUREEN BOSCO et al.,**

                    **Defendants.**
_____
**INJAH TAFARI,**

                    **Plaintiff,**                    **9:11-cv-1476**
                                                      **(GLS/ATB)**
        **v.**

**KEVEN SMITH et al.,**

                    **Defendants.**
_____
**INJAH TAFARI,**

                    **Plaintiff,**                    **9:12-cv-269**
                                                      **(GLS/ATB)**
        **v.**

**WILLIAM ALLEN et al.,**

                    **Defendants.**
_____
**INJAH TAFARI,**

                    **Plaintiff,**                    **9:12-cv-662**
                                                      **(GLS/ATB)**
        **v.**

**JASON FERRICK et al.,**

**Defendants.**
_____

**INJAH TAFARI,**

               **Plaintiff,**         **9:12-cv-1062 (GLS/ATB)**

       **v.**

**DAVID BILOW et al.,**

               **Defendants.**
_____

## SUMMARY ORDER

On October 31, 2012, this court issued a Memorandum-Decision and Order, which denied/revoked plaintiff *pro se* InJah Tafari's *in forma pauperis* (IFP) status in his twelve formerly-consolidated cases. (*See generally* Dkt. No. 119, 11-cv-694.) Notwithstanding the court's decision, Tafari now seeks to amend his Complaints again, despite the fact that the court specifically addressed—and rejected—his previous requests to do so. (*See* Dkt. Nos. 121, 124, 11-cv-694; Dkt. No. 24, 11-cv-1342; Dkt. No. 35, 11-cv-1390; Dkt. No. 21, 11-cv-1422; Dkt. No. 31, 11-cv-1429; Dkt. No. 32, 11-cv-1447; Dkt. No. 32, 11-cv-1464; Dkt. No. 28, 11-cv-1476; Dkt. No. 21, 12-cv-269; Dkt. No. 18, 12-cv-662; Dkt. No. 9, 12-cv-1062.) Given that the proposed amended Complaints continue to rely on allegations that have

4

already been deemed baseless, (*see* Dkt. No. 119 at 18-58, 11-cv-694), and new allegations of recent events, (*see, e.g.*, Dkt. No. 121, Attach. 2 ¶¶ 23-30, 11-cv-694)—which are, for the reasons stated at length in the court's previous decisions, immaterial, (*see* Dkt. No. 119 n.15, 11-cv-694)—Tafari's motions to amend his Complaints are denied.

So too are Tafari's motions for reconsideration. (*See* Dkt. No. 126, 11-cv-694; Dkt. No. 25, 11-cv-1342; Dkt. No. 36, 11-cv-1390; Dkt. No. 22, 11-cv-1422; Dkt. No. 32, 11-cv-1429; Dkt. No. 33, 11-cv-1464; Dkt. No. 29, 11-cv-1476; Dkt. No. 22, 12-cv-269; Dkt. No. 19, 12-cv-662; Dkt. No. 10, 12-cv-1062.) Not only does Tafari continue to put forth unsubstantiated, and, in some instances manufactured, assertions, but he also fails to identify a requisite basis for relief. (*See, e.g.*, Dkt. No. 10 ¶¶ 4-31, 12-cv-1062)*; In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 3 (N.D.N.Y. 1995). It suffices to say that the motions are meritless.

However, simply denying Tafari's motions is no longer sufficient, as he continues to file duplicative motions to amend that contravene the court's orders. Even before the court rejected his two prior attempts to amend his Complaints, (*see* Dkt. No. 119 at 15 n.15), it warned Tafari of the consequences of filing such motions, and disregarding the court's

5

orders, (*see, e.g.*, Dkt. No. 61 at 7). Despite this admonition, Tafari continues to submit amended pleadings that rely on allegations that are either untrue, or that occurred well after the relevant time period for consideration of imminent danger. (*See* Dkt. No. 119 at 15 n.15, 18-58.) Consequently, Tafari may no longer file motions to amend in the above-captioned cases. To this end, the Clerk is directed to reject, without further order of the court, any future motions to amend in any of these cases.

Finally, the court received Tafari's letter of November 14, 2012, in which he seeks an additional 120 days to pay the filing fees in these cases. (*See, e.g.*, Dkt. No. 127 at 4, 11-cv-694.) While that request is unreasonable, the court will grant Tafari a <u>one-time extension</u> of forty-five (45) days to pay the fees with the caveat that the cases shall be stayed during the extension. That means that the court will <u>neither entertain nor grant any further extensions, for any reason</u>, and moreover, that Tafari <u>may not file any document or motion of any kind, in these cases, without permission from the court, until the stay is lifted</u>.[1] Any document filed without the court's permission shall be rejected by the Clerk. Ultimately, if

---

[1] Nothing in this Summary Order should be construed as limiting Tafari's right to seek review of the court's decision.

Tafari fails to pay the statutory filing fees <u>on or before January 14, 2013</u>, the court will dismiss any case in which the fee has not been paid.

**ACCORDINGLY**, it is hereby

**ORDERED** that Tafari's motions to amend (Dkt. Nos. 121, 124, 11-cv-694; Dkt. No. 24, 11-cv-1342; Dkt. No. 35, 11-cv-1390; Dkt. No. 21, 11-cv-1422; Dkt. No. 31, 11-cv-1429; Dkt. No. 32, 11-cv-1447; Dkt. No. 32, 11-cv-1464; Dkt. No. 28, 11-cv-1476; Dkt. No. 21, 12-cv-269; Dkt. No. 18, 12-cv-662; Dkt. No. 9, 12-cv-1062) are **DENIED**; and it is further

**ORDERED** that Tafari's motions for reconsideration (Dkt. No. 126, 11-cv-694; Dkt. No. 25, 11-cv-1342; Dkt. No. 36, 11-cv-1390; Dkt. No. 22, 11-cv-1422; Dkt. No. 32, 11-cv-1429; Dkt. No. 33, 11-cv-1464; Dkt. No. 29, 11-cv-1476; Dkt. No. 22, 12-cv-269; Dkt. No. 19, 12-cv-662; Dkt. No. 10, 12-cv-1062) are **DENIED**; and it is further

**ORDERED** that the Clerk is directed to reject, without further order of the court, any future motions to amend filed by Tafari in any of the above-captioned cases; and it is further

**ORDERED** that Tafari's request for extension of time within which to pay the statutory filing fees (Dkt. No. 127, 11-cv-694; Dkt. No. 26, 11-cv-1342; Dkt. No. 37, 11-cv-1390; Dkt. No. 23, 11-cv-1422; Dkt. No. 33, 11-cv-

1429; Dkt. No. 33, 11-cv-1447; Dkt. No. 34, 11-cv-1464; Dkt. No. 30, 11-cv-1476; Dkt. No. 23, 12-cv-269; Dkt. No. 20, 12-cv-662; Dkt. No. 11, 12-cv-1062) is **GRANTED** to the extent that he seeks an additional forty-five (45) days to pay the fees; and it is further

**ORDERED** that the Clerk shall **STAY** the above-captioned cases until the court directs otherwise; and it is further

**ORDERED** that if Tafari wishes to file a document or motion of any kind, he must, until advised otherwise, seek permission from the court to do so; and it is further

**ORDERED** that the Clerk shall docket and return any document of any kind that is filed without leave of the court; and it is further

**ORDERED** that unless Tafari pays the statutory filing fees <u>on or before January 14, 2013</u>, the court will dismiss any case in which the fee has not been paid; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

November 21, 2012
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court